UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL LEFAVE, GILDA
BARTUNEK, PETER CIPOLLA,
and ELISABETH CONRATH,
individually and on behalf of
others similarly situated,

    Plaintiffs,

v.                                           CASE NO: 8:09-CV-432-T-27EAJ

SALAMANDER INNISBROOK, LLC,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge recommending that Plaintiffs' Motion to Create a Conditional Opt-In Class and Motion to Authorize Notice to Putative Class Members (Dkt. 18) be granted in part and denied in part (Dkt. 27). Plaintiffs have filed objections to the Report and Recommendation (Dkt. 28) and a Request for Oral Argument (Dkt. 29), and Defendant has filed a response (Dkt. 37).

After careful consideration of Report and Recommendation, Plaintiffs' objections, and Defendant's response, in conjunction with an independent examination of the file, the Court agrees that Plaintiffs have satisfied the lenient notice-stage standard that there are similarly situated former employees of Defendant who desire to opt in. *See Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1214, 1218-19 (11th Cir. 2001). Additionally, in determining the forward temporal scope of the opt-in class, the Magistrate Judge correctly applied "the general rule that 'the forward scope of an opt-in class ends on the date the representative charge is filed [with the EEOC].'" *Stone v. First Union*

*Corp.*, 203 F.R.D. 532, 539 (S.D. Fla. 2001) (quoting *Hipp*, 252 F.3d at 1225). Plaintiffs failed to demonstrate the applicability of the exception discussed (but not recognized[1]) in *Hipp* by showing that the representative charge clearly alleges a continuing, concrete policy that is illegal and similar to the no-marriage rule at issue in *McDonald v. United Air Lines, Inc.*, 587 F.2d 357 (7th Cir. 1978). *See Hipp*, 252 F.3d at 1226. Finally, because the Amended Complaint seeks relief on behalf of a class of employees[2] of Defendant similarly situated to Plaintiffs (former employees of Salamander who were allegedly terminated in violation of the ADEA and replaced by younger employees) and the representative charge does not mention discrimination against job applicants, the Magistrate Judge correctly determined that Plaintiffs failed to show that Plaintiffs are similarly situated to older job applicants.[3] In short, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED AND ADJUDGED**:

1) Plaintiffs' Request for Oral Argument (Dkt. 29) is **DENIED**.

2) The Report and Recommendation (Dkt. 27) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

---

[1] In *Hipp*, the Eleventh Circuit suggested that an exception to the general rule might be appropriate "[w]here the representative charge clearly alleges a continuing, concrete policy that is illegal, as in *McDonald* . . . ." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1214, 1226 (11th Cir. 2001) (citing *Bush v. Liberty Nat'l Life Ins. Co.*, 12 F. Supp. 2d 1251, 1258-59 n.11 (M.D. Ala. 1998), *aff'd mem.*, 196 F.3d 1261 (11th Cir. 1999) (continuing violation must be "clearly asserted both in the EEOC filing and in the complaint")). However, the Eleventh Circuit found it unnecessary to "decide that . . . difficult issue." *Hipp*, 252 F.3d at 1226.

[2] *See* Dkt. 2, ¶¶ 78, 79.

[3] Additionally, Plaintiffs should have asserted their argument as to the similarity of Plaintiffs and older job applicants (*i.e.*, their argument that the discrimination alleged logically implies discrimination against job applicants) in the papers before the Magistrate Judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

3) Plaintiffs' Motion to Create a Conditional Opt-In Class and Motion to Authorize Notice to Putative Class Members (Dkt. 18) is **GRANTED** in part.

4) The conditional opt-in class comprises former employees of Defendant Salamander Innisbrook, LLC, age forty or older at the time of their separation from employment who allege they were terminated from employment with Defendant in violation of the Age Discrimination in Employment Act between August 18, 2007, and June 13, 2008.

5) Within ten (10) days of the date of this Order, Plaintiffs' counsel shall file a motion for approval of a revised proposed Notice of Collective Action Lawsuit consistent with the Magistrate Judge's Report and Recommendation. To facilitate notice, within forty five (45) days from the date of this Order, Defendant shall provide Plaintiffs' counsel with the names and last known addresses of potential class members. Plaintiffs' counsel shall be responsible for sending the notice (as well as the Consent to Join Lawsuit as a Party Plaintiff proposed by Defendant) to all potential class members by first class mail within thirty (30) days of receipt of the information from Defendant. All opt-in class members must return the consent form to Plaintiffs' counsel with a postmark date not later than sixty (60) days after notice is provided. Plaintiffs' counsel shall furnish copies of all consents received to defense counsel and maintain the originals. Plaintiffs' counsel shall file one pleading stating the name and address of each opt-in class member within ten (10) days of the expiration of the 60-day opt-in deadline.

**DONE AND ORDERED** in Tampa, Florida, on this 10th day of December, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

3